AO 91 (Rev. 11/11)  Criminal Complaint (Rev. by USAO on 3/12/20)      ☐ Original     ☐ Duplicate Original

# UNITED STATES DISTRICT COURT

for the

Central District of California



**LODGED**
CLERK, U.S. DISTRICT COURT

**9/1/2021**

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ jb _____ DEPUTY

| | |
|---|---|
| United States of America <br><br> v. <br><br> OCTAVIANO ALEJANDRO ZENDEJAS, <br> AARON MELENDREZ-RAMIREZ, and <br> JULIAN BRAMBILA-MENDEZ, <br><br> Defendants | **FILED** <br> CLERK, U.S. DISTRICT COURT <br><br> **9/01/21** <br><br> CENTRAL DISTRICT OF CALIFORNIA <br> BY: eb DEPUTY <br><br> Case No.  5:21-mj-00566-Duty |

## CRIMINAL COMPLAINT BY TELEPHONE
## OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of August 31, 2021, in the county of Riverside in the Central District of California, the

defendants violated:

| *Code Section* | *Offense Description* |
|---|---|
| 21 U.S.C. § 841(a)(1) | Possession with Intent to Distribute a Controlled Substance |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

_____
*Complainant's signature*

Arturo M. Becerra, Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date:    September 1, 2021

_____
*Judge's signature*

City and state:   Los Angeles, California

Hon. Margo A. Rocconi, U.S. Magistrate Judge
*Printed name and title*

AUSA: Skyler F. Cho (213-894-2475)

## AFFIDAVIT

I, Arturo M. Becerra, being duly sworn, declare and state as follows:

### I.  PURPOSE OF AFFIDAVIT

1.   This affidavit is made in support of a criminal complaint against Octaviano Alejandro Zendejas ("ZENDEJAS"), Aaron Melendrez-Ramirez ("MELENDREZ-RAMIREZ"), and Julian Brambila-Mendez ("BRAMBILA-MENDEZ") for a violation of 21 U.S.C. § 841(a)(1): Possession with Intent to Distribute a Controlled Substance.

2.   The facts set forth in this affidavit are based upon my personal observations; my training and experience; and information obtained from various law enforcement personnel and witnesses.  This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and does not purport to set forth all of my knowledge of or investigation into this matter.  Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and part only.

### II. BACKGROUND OF ARTURO M. BECERRA

3.   I have been employed as a Special Agent with Homeland Security Investigations since November of 2010.  I am currently detailed to the Los Angeles Interagency Metropolitan Police Apprehension Crime Task Force ("LAIMPACT") in Commerce, California.  LAIMPACT investigates drug trafficking organizations.  While assigned to this unit, I have participated in investigations involving drug traffickers involved in

1

trafficking cocaine, methamphetamine, heroin, fentanyl, and
other controlled substances.

    4.    I received 23 weeks of training at the Federal Law
Enforcement Training Center in Glynco, Georgia.  During the
training, I learned how controlled substances are manufactured,
consumed, packaged, marketed, and distributed.  I have
interviewed and operated informants, executed search warrants,
arrested and interviewed subjects, conducted physical
surveillance, and utilized electronic and video surveillance.  I
have also worked with and consulted numerous agents and law
enforcement officers who have investigated drug trafficking.  I
am familiar with the methods of operation used by drug
traffickers, including the importation, distribution, storage,
and transportation of drugs; and the collection, storage,
transportation and concealment of drug proceeds.

**SUMMARY OF PROBABLE CAUSE**

    5.    On August 31, 2021, a silver Honda Accord bearing
California license plate 7KGT564 ("SUBJECT VEHICLE 1") entered
the United States from Mexico at the Otay Mesa Port of Entry.
The driver and sole occupant was ZENDEJAS.  In SUBJECT
VEHICLE 1, a United States Customs and Border Protection ("CBP")
officer found suspected drugs.

    6.    Rather than seizing the drugs, investigators followed
SUBJECT VEHICLE 1 to Perris, California, where SUBJECT VEHICLE 1
stopped at a gas station.  Investigators saw a white Mitsubishi
Lancer bearing California temporary license plate BM31E69
("SUBJECT VEHICLE 2") arrive at the gas station.  The driver and

2

passenger of SUBJECT VEHICLE 2 were later identified MELENDREZ-
RAMIREZ and BRAMBILA-MENDEZ, respectively.  ZENDEJAS got out of
SUBJECT VEHICLE 1, and BRAMBILA-MENDEZ got into the driver seat.
SUBJECT VEHICLE 1 and SUBJECT VEHICLE 2 drove away from the gas
station in tandem.

      7.    SUBJECT VEHICLE 1 and SUBJECT VEHICLE 2 arrived at
20875 Clark Street, Perris, California 92570 (the "SUBJECT
PREMISES") and parked next to a recreational vehicle near the
end of the driveway.  Investigators saw BRAMBILA-MENDEZ walking
back and forth between a shed-like structure and the
recreational vehicle on the SUBJECT PREMISES.

      8.    On August 31, 2021, in No. 21-MJ-04065, the Honorable
Paul L. Abrams, United States Magistrate Judge, signed a search
warrant for the SUBJECT PREMISES.  Investigators searched the
SUBJECT PREMISES and, in the recreational vehicle, found ten
bricks of suspected drugs, one of which tested presumptively
positive for cocaine and another of which tested presumptively
positive for methamphetamine.

      9.    During a Mirandized interview, ZENDEJAS stated, in
substance, that: (1) he knew that there were drugs in SUBJECT
VEHICLE 1 when he crossed the border; and (2) for prior
deliveries, ZENDEJAS met with MELENDREZ-RAMIREZ to turn over
SUBJECT VEHICLE 1.  During a Mirandized interview, BRAMBILA-
MENDEZ stated, in substance, that: there were approximately
10 kilograms of cocaine in the recreational vehicle at the
SUBJECT PREMISES that had been removed from SUBJECT VEHICLE 1.

## IV. <u>STATEMENT OF PROBABLE CAUSE</u>

10.  Based on my review of law enforcement reports,
conversations with other law enforcement agents, and my own
knowledge of the investigation, I am aware of the following:

### A.    Inspection at the Border

11.  On August 31, 2021, at approximately 9:11 a.m., a
silver Honda Accord bearing California license plate 7KGT564
("SUBJECT VEHICLE 1") entered the United States from Mexico at
the Otay Mesa Port of Entry in vehicle lane number 12.  The
driver and sole occupant was ZENDEJAS.

12.  SUBJECT VEHICLE 1 was referred to secondary inspection
based on a computer-generated alert.  At secondary inspection,
an officer asked ZENDEJAS to get out of SUBJECT VEHICLE 1.
ZENDEJAS was escorted to a security office, out of view of the
secondary inspection area.

13.  United States Customs and Border Protection ("CBP")
Officer Avalos scanned SUBJECT VEHICLE 1 with a Z Portal X-ray
machine and saw anomalies in the front driver and passenger
seats.

14.  At approximately 9:20 a.m., an officer requested that
a dog conduct a sniff of SUBJECT VEHICLE 1.  CBP Canine
Enforcement Officer Daniel Howard's human and narcotics
detection dog conducted a sniff of SUBJECT VEHICLE 1 and
positively alerted to the front passenger side seat back.  Using
a screwdriver, Officer Howard opened the seat back and found a
package that was taped with black electrical tape.  Based on my
training, experience, and knowledge of this investigation, I

4

believe that the package found in the SUBJECT VEHICLE contained drugs.

15.   The CBP officers left the package in place so that investigators could follow SUBJECT VEHICLE 1 to its intended destination.   Because of the exigencies of the situation and to avoid a longer delay which might cause ZENDEJAS or any co-conspirators to suspect that the drugs had been discovered by law enforcement, agents installed a GPS tracking device on SUBJECT VEHICLE 1 at approximately 9:35 a.m.   The tracking system was set in a mode that did not update or record location information.   Agents did not disable that mode and receive data from the tracking device until a warrant was issued by the Honorable Mitchell D. Dembin, United States Magistrate Judge, Southern District of California.[1]

B.    **Surveillance of the SUBJECT VEHICLES**

16.   Driving SUBJECT VEHICLE 1, ZENDEJAS left the Otay Mesa Port of Entry.   Agents followed SUBJECT VEHICLE 1 to Perris, California.

17.   SUBJECT VEHICLE 1 stopped at a gas station located at 19248 Harville Avenue in Perris, California (the "gas station"). Investigators saw a white Mitsubishi Lancer bearing California temporary license plate BM31E69 ("SUBJECT VEHICLE 2") arrive at the gas station.

18.   As discussed further below, the driver and passenger of SUBJECT VEHICLE 2 were later identified MELENDREZ-RAMIREZ and

---

[1] Investigators would have been able to maintain continuance surveillance of SUBJECT VEHICLE 1 even without the location information from the GPS tracker.

BRAMBILA-MENDEZ, respectively.  At approximately 11:47 a.m.,
ZENDEJAS got out of SUBJECT VEHICLE 1, and BRAMBILA-MENDEZ got
into the driver seat.  SUBJECT VEHICLE 1 and SUBJECT VEHICLE 2
drove away from the gas station in tandem.

19.  At approximately 11:55 a.m., SUBJECT VEHICLE 1 and
SUBJECT VEHICLE 2 arrived at 20875 Clark Street, Perris,
California 92570 (the "SUBJECT PREMISES") and parked next to a
recreational vehicle near the end of the driveway.
Investigators saw BRAMBILA-MENDEZ walking back and forth between
a shed-like structure and the recreational vehicle on the
SUBJECT PREMISES.

20.  At approximately 12:40 p.m., law enforcement personnel
froze the SUBJECT PREMISES pending application for a search
warrant.[2]

C.    **Stop of SUBJECT VEHICLE 1**

21.  At approximately 12:06 p.m., BRAMBILA-MENDEZ drove
SUBJECT VEHICLE 1 off the SUBJECT PREMISES.  MELENDREZ-RAMIREZ
drove SUBJECT VEHICLE 2 and followed SUBJECT VEHICLE 1.  SUBJECT
VEHICLE 1 and SUBJECT VEHICLE 2 returned to the gas station.
BRAMBILA-MENDEZ got out of SUBJECT VEHICLE 1, and ZENDEJAS got
into the driver's seat.  BRAMBILA-MENDEZ got into the passenger
seat of SUBJECT VEHICLE 2.  SUBJECT VEHICLE 1 and SUBJECT
VEHICLE 2 left the gas station.

22.  At the request of investigators, law enforcement
personnel performed a traffic stop of SUBJECT VEHICLE 1 for

---

[2] Investigators performed a protective sweep of the SUBJECT
PREMISES.

expired registration tags.  A drug detection dog sniffed the exterior of SUBJECT VEHICLE 1 but did not positively alert. From outside SUBJECT VEHICLE 1, the officer saw that one of the seats had been ripped open.  ZENDEJAS agreed to a search of SUBJECT VEHICLE 1.[3]

23.   During a Mirandized interview, ZENDEJAS stated, in substance, that: (1) ZENDEJAS knew that there were drugs in SUBJECT VEHICLE 1 when he crossed the border; (2) this was his fourth delivery of drugs to the area of Perris, California; and (3) he was paid $5,000 for each delivery; (4) for prior deliveries, ZENDEJAS met with MELENDREZ-RAMIREZ to turn over SUBJECT VEHICLE 1.

**D.    Stop of SUBJECT VEHICLE 2**

24.   Investigators also stopped SUBJECT VEHICLE 2 in Perris, California, and identified the occupants as MELENDREZ-RAMIREZ and BRAMBILA-MENDEZ.  A drug detection dog sniffed the exterior of SUBJECT VEHICLE 2 but did not positively alert.

25.   In a Mirandized interview, BRAMBILA-MENDEZ stated, in substance, that: (1) there were approximately 10 kilograms of cocaine in the recreational vehicle at the SUBJECT PREMISES that had been removed from SUBJECT VEHICLE 1; and (2) the drugs were inside of a blue Nike bag.

**E.    Seizure of cocaine and methamphetamine pursuant to search warrant 21 MJ-04065**

26.   On August 31, 2021, in No. 21-MJ-04065, the Honorable Paul L. Abrams, United States Magistrate Judge, signed a search

---

[3] The officer did not advise ZENDEJAS of his Miranda rights before ZENDEJAS agreed to the search of SUBJECT VEHICLE 1.

warrant for the SUBJECT PREMISES.  Investigators searched the

SUBJECT PREMISES and, in the recreational vehicle, found ten

bricks of suspected drugs.  I used a presumptive narcotics

identification test kit on one of the bricks, which tested

presumptively positive for cocaine.  Based on my training,

experience, and knowledge of this investigation, I believe that

seven of the other kilogram-sized bricks also contain cocaine,

because they were similarly packaged.  Together, these eight

bricks weighed approximately 10.2 kilograms.  Investigators also

used a presumptive narcotics identification test kit on another

brick, which tested presumptively positive for methamphetamine.

Based on my training, experience, and knowledge of this

investigation, I believe that one of the other kilogram-sized

bricks also contains methamphetamine, because it was similarly

packaged.  These two bricks weighed approximately 2.2 kilograms.

//

//

//

//

//

//

//

//

//

//

//

//

## CONCLUSION

27.   For all of the reasons described above, there is probable cause to believe that ZENDEJAS, MELENDREZ-RAMIREZ, and BRAMBILA-MENDEZ have committed a violation of 21 U.S.C. § 841(a)(1): Possession with Intent to Distribute a Controlled Substance.


Attested to by the applicant in
accordance with the requirements
of Fed. R. Crim. P. 4.1 by
telephone on this  1   day of
 September, 2020.


UNITED STATES MAGISTRATE JUDGE

9